UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANKLIN RAGLAND, et al.,

       Plaintiffs,                          Case No. 2:10-cv-879
                                                          JUDGE GREGORY L. FROST
      v.                                          Magistrate Judge Mark R. Abel

CITY OF CHILLICOTHE, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on the Motion of Defendants to Dismiss Plaintiffs' Complaint (ECF No. 10), Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 15), the Reply of Defendants in Support of Motion to Dismiss Plaintiffs' Complaint (ECF No. 17), Plaintiffs' Motion to Strike the Affidavits of Toni L. Eddy and Mark A. Preston (ECF No. 21), Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike the Affidavits of Toni L. Eddy and Mark A. Preston (ECF No. 25), and Plaintiffs' Reply to Defendants' Opposition to Motion to Strike the Affidavits of Toni L. Eddy and Mark A. Preston (ECF No. 26).  For the reasons that follow, the Court **DENIES** both motions.

### I.  Background

On August 25, 2000, a group of individuals ("2000 Plaintiffs") filed a class action against the City of Chillicothe ("City") challenging the City's water termination and access policy.  *See Turner v. City of Chillicothe*, No. 2:00-cv-980.  The 2000 Plaintiffs moved for and were granted certification of a class defined as "all consumers of, or 'applicants' (as defined by Regulation B

of the Equal Credit Opportunity Act[, 15 U.S.C. § 1691a *et seq.*][1]) for, water service from the defendants at anytime on or after August 28, 1998." *Id.*, slip op. at 4 (S.D. Ohio March 20, 2001) (order granting class certification).  A consent decree was proposed between the parties and a fairness hearing was noticed to all consumers of water services.  On September 4, 2002, Magistrate Judge Norah McCann King approved a final consent decree and stipulation of settlement between the parties ("Consent Decree").  (ECF No. 3-1.)

On September 30, 2010, seventeen individuals filed the instant action ("Plaintiffs") naming the City and various of its employees as defendants ("Defendants").  Plaintiffs allege that they are being held responsible for past tenants' overdue water bills and are being required to enter into contractual agreements in violation of the Consent Decree and their constitutional due process rights.

On October 20, 2010, Defendants moved for dismissal of the complaint.  That motion is now ripe for review.  Plaintiffs have also moved to strike certain affidavits Defendants have submitted in support of their motion to dismiss.  That motion too is ripe for review.

## II.  Standard

Defendants move for dismissal of this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, claiming that Plaintiffs lack standing.  A motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1), since "standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." *Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001).  "For purposes of

---

[1]The Regulations define "applicant" as "any person who requests or who has received an extension of credit from a creditor, and includes any person who is or may become contractually liable regarding an extension of credit."  12 C.F.R. § 202.2(e).

ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Am. Canoe Ass'n v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 540 (6th Cir. 2004) (citing *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996)).

### III.  Defendants' Motion to Dismiss

Defendants argue that they are entitled to dismissal of this action because Plaintiffs lack standing to request enforcement of the Consent Decree. Plaintiffs, however, contend that they do not lack standing to request enforcement of the Consent Decree and that, even if they do not possess standing to request enforcement of the Consent Decree they do possess standing to file this lawsuit alleging violations of their constitutional due process rights.

**A.  Standing as Parties to the Consent Decree**

There is "a well-settled line of authority from [the United States Supreme] Court [that] establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) (citing *United States v. Armour & Co.*, 402 U.S. 673 (1971) and *Buckeye Co. v. Hocking Valley Co.*, 269 U.S. 42 (1925)). *See also Vogel v. Cincinnati*, 959 F.2d 594, 597 (6th Cir. 1992) ("We hold that Vogel, who was not a party to the consent decree, lacks standing to challenge the City's interpretation of the decree.")

Defendants argue that Plaintiffs lack standing because they were not parties to the Consent Decree. As stated above, the Consent Decree defines the plaintiff parties as "all consumers of, or applicants (as defined by Regulation B of the Equal Credit Opportunity Act)

for, water service from the defendants in the City of Chillicothe, Ohio." (ECF No 3-1 at 2-3.) The Consent Decree defines a consumer as "[a]ny person who is the ultimate user of water utility services provided by the City." *Id.* at 10. Defendants contend that Plaintiffs, although they allege that they are " 'consumers' in an attempt to avoid the issue of standing, the Complaint clearly dictates that their claims are claims of landlords, not consumers." (ECF No. 10 at 6.) Further, Defendants argue in their reply brief that "even if Plaintiffs are found to be parties of the Consent Decree, there has been no violation of the terms of the Consent Decree, thus Plaintiffs do not have a case or controversy for this Court's review." (ECF No. 17 at1.)

Plaintiffs, however, contend that four of the individually named plaintiffs, Franklin Ragland, James Demint, Joseph Sharp, and Thomas Gustin, are consumers as that term is defined in the Consent Decree. Plaintiffs argue that, as consumers, these individuals are parties to the Consent Decree.[2] This Court agrees.

Accepting as true all material allegations of the complaint, and construing the complaint in favor of Plaintiffs, the Court finds that the complaint sufficiently alleges that Ragland, Demint, Sharp, and Gustin are consumers as that term is defined in the Consent Decree. As consumers they are parties to the Consent Decree, and therefore, they unquestionably possess standing to request enforcement of the Consent Decree.

Defendants' argument that these individuals' claims are the claims of landlords does

---

[2]Plaintiffs further argue that they need not be considered consumers to enforce the Consent Decree because it is an institutional consent decree and/or because Defendants have effectively stipulated that the Consent Decree applies to Plaintiffs and/or because Plaintiffs may enforce the Consent Decree as third party beneficiaries. The Court finds it unnecessary to address these arguments because of its determination, *infra*, that Plaintiffs possess standing to prosecute this case regardless of whether they are parties to the Consent Decree.

nothing to alter the fact that these four individuals are parties to the Consent Decree, which is all that is necessary for them to possess standing to request this Court to enforce the terms of the Decree.  Further, there is no merit to Defendants' argument that Plaintiffs do not have a case or controversy because there has been no violation of the terms of the Consent Decree.  Whether there has or has not been a violation of the Consent Decree has no effect on whether any of the plaintiffs possess standing to file an action alleging violations of the Decree.  Whether Defendants have violated the Consent Decree is for the Court to determine at a later time, not Defendants at this time.

The Court finds that Plaintiffs have alleged that Ragland, Demint, Sharp, and Thomas are parties to the Consent Decree and, therefore, possess standing to file this action.  Thus, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' Complaint as it relates to these four plaintiffs.

**B.  Article III Standing**

Plaintiffs posit that, regardless of their status as parties to the Consent Decree, they have standing to file this lawsuit.  Plaintiffs' argument is as follows:  The Consent Decree provides that the procedures it sets forth supplant and replace all of the City's water department rules or local practices whether existing or adopted in the future.  (ECF No. 3-1 at 3-4) ("These procedures shall supplant and take precedence over any local practices or rules formally or informally followed by the Defendants whether existing now or adopted in the future.")  The Consent Decree also requires the City to provide to the Equal Justice Foundation a written explanation of any specific changes proposed to the procedures set forth in the Consent Decree. *Id.* at 4 ("thirty days prior to implementing any changes to the policies set forth in Exhibit A,

Defendants will supply the Equal Justice Foundation (EJF), as counsel for Plaintiffs, or entity or person it designates, a written explanation of the specific changes which are proposed, along with an explanation fo the reason(s) for the proposed modification(s).")  The City, Plaintiffs contend, did not follow the requirements in the Consent Decree when it created, changed, altered, amended, supplemented, and modified the City's water department rules that were put in place by the Consent Decree.  Plaintiffs refer to the changes made to the water department rules that were set forth in the Consent Decree as "the Adopted System."  Plaintiffs argue that they have standing to file the instant action because each has been sued by the City under provisions which exist only in the Adopted System, which violates their constitutional due process rights.

In order to satisfy the standing requirements of Article III of the United States Constitution, Plaintiffs must meet three requirements.

> Failure to establish any one of them deprives a federal court of jurisdiction to hear the suit.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  First, [the plaintiff] must demonstrate he has suffered "an 'injury in fact' that is both concrete and particularized and actual or imminent."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81(2000) (citing *Lujan*, 504 U.S. at 560-61).  Second, the injury must be fairly traceable to the challenged action of [the defendant].  *Id.*  Finally, [the plaintiff] must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Id.*

*Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 570 (6th Cir. 2005) (internal parallel citations omitted).

"Each element of Article III standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.' "  *United States v. Salti*, 579 F.3d 656, 667 n. 11 (6th Cir. 2009) (citing *Lujan*, 504 U.S. at 561).  "At the pleading stage, general factual allegations of injury . . . may suffice, for on a motion to dismiss we presum[e] that

6

general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citation and quotation marks omitted). At this stage a complaint's factual allegations are to be taken as true and are to be construed in favor of the plaintiff. *See id.* (citing *Sutton*, 419 F.3d at 570).

With regard to the first element of Article III standing, Plaintiffs argue that they have been injured by being required to defend themselves against lawsuits filed against them pursuant to the Adopted System. Plaintiffs claim that this injury is "a concrete, particularized invasion of a legally protected interest" (ECF No. 15 at 4.) Defendants do not dispute that Plaintiffs have suffered an injury in fact. This Court finds that, at this stage in the litigation, Plaintiffs' allegations that they are required to defend themselves against an invalidly adopted regulation or rule is sufficient to show an injury in fact. *See Kilper v. City of Arnold*, 2009 U.S. Dist. LEXIS 63471, at *27-28 (E.D. Mo July 23, 2009) (in its opinion on defendants' motion to dismiss, the district court stated: "with respect to the injury-in-fact requirement for standing, this Court concluded that the three remaining Plaintiffs' allegations that they have had to defend the Notices [of Violation] . . . suggest that those Plaintiffs have suffered an injury sufficient for standing purposes at this stage of the proceedings." (internal quotation marks omitted)).

As to the second element, Plaintiffs contend that their "ongoing injury is traceable to this action as Plaintiffs request this Court to declare the Adopted System invalid, unenforceable, and void . . . ." (ECF No. 15 at 4.) Defendants do no dispute that Plaintiffs have met this element either. Although Plaintiffs are confused as to what their injury must be traced, the Court agrees that this element is met. That is, Plaintiffs must show that their injury is fairly traceable to Defendants' alterations to the Consent Decree that resulted in the Adopted System (the

challenged action of Defendants), not that their injury is fairly traceable to this lawsuit. This element is met because, as the complaint sets out, Plaintiffs' need to defend themselves in the state court lawsuits is fairly traceable to Defendants' promulgation and utilization of the Adopted System.

With regard to the third element required to establish Article III standing, Plaintiffs assert that the relief they have requested from this Court will redress Plaintiffs' current injury and will prevent future injury of the same type. Defendants, however, argue:

> Although Plaintiffs assert otherwise, a favorable judgment would not provide redress to their purported injury of being subject to state law actions. Plaintiffs are being sued as landlords in the state court actions. Because the Consent Decree does not apply to landlords, the requested enforcement of its provisions would not resolve the state law claims against Plaintiffs as landlords.

(ECF No. 17 at 2.) Defendants' argument is not well taken.

If this Court were to provide Plaintiffs with the relief they request it would resolve the issue of whether the state law claims are properly filed against Plaintiffs. That is, Plaintiffs ask this Court to find that the Adopted System is invalid because it was improperly promulgated and put into effect. If this Court finds that the Adopted System is invalid because it was not properly promulgated and put into effect, Defendants could not maintain lawsuits against the landlords under that System. Thus, the Court finds that Plaintiffs have alleged sufficient facts to show that it is likely that their alleged injuries will be redressed by a favorable decision from this Court. Consequently, this element of standing too is met.

The Court concludes that Plaintiffs possess standing to file this action alleging violations of their constitutional due process rights. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' Complaint.

### IV.  Plaintiff's Motion to Strike

In their motion to strike, Plaintiffs request that the Court strike two affidavits that Defendants attached to their reply in support of their motion to dismiss.  In their reply memorandum, however, Defendants ask only that the Court consider their attached affidavits if the Court considers the affidavits Plaintiffs attached to Plaintiffs' Memorandum in Opposition Defendants' Motion to Dismiss Plaintiffs' Complaint.

The Court, however, need not consider affidavits in its determination of a motion to dismiss based upon alleged lack of standing when there are no factual disputes.  *See Seldin*, 422 U.S. at 501 ("For purposes of ruling on a motion to dismiss for want of standing . . . courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.").  Accordingly, the Court **DENIES** Plaintiffs' Motion to Strike the Affidavits of Toni L. Eddy and Mark A. Preston (ECF No. 21)

### V.  Conclusion

For the reasons set forth above, the Court **DENIES** the Motion of Defendants to Dismiss Plaintiffs' Complaint (ECF No. 10) and **DENIES** Plaintiffs' Motion to Strike the Affidavits of Toni L. Eddy and Mark A. Preston (ECF No. 21).

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**